Cook v. Cook

*Edmund C. Wingerd, Jr.,* and *John McD. Sharpe,* for plaintiff.

*George S. Black,* for defendant.

WINGERD, P. J., August 27, 1954.—This is an action in divorce brought on the ground of indignities. Defendant requested a bill of particulars and plaintiff filed one. Defendant then filed preliminary objections to the bill of particulars constituting a motion to strike off the bill of particulars and a motion for a more specific bill of particulars. Plaintiff contends that the Pennsylvania Rules of Civil Procedure governing the action of divorce provide in R. C. P. 1125(*a*) that the only pleadings are a complaint, an answer thereto, a bill of particulars, a preliminary objection, and answer thereto; that subsection (*b*) limits preliminary objections to four kinds, as to jurisdiction, motion to strike, a demurrer and lack of capacity to sue or pendency of a prior action and that none of these are applicable to the preliminary objections filed by defendant. Plaintiff contends that a motion to strike is not applicable because motions to strike are only applicable to attack matters of form and that in this case it is substance which is attacked and that there is no provision for a motion for a more specific bill of particulars. Technically speaking, there is considerable force to these contentions but certainly we cannot conclude that the Pennsylvania Rules of Civil Procedure were meant to preclude a defendant from raising the question that the bill of particulars filed was not sufficiently specific and having that ruled upon by the court. Defendant took action to raise the question, as to whether or not the bill of particulars was sufficiently specific, and we feel that the particular form of this action is not important. The question has been raised by preliminary objections (Kelley v. Kelley, 21 Northumb. 121), by a rule or motion for a more specific bill of particulars (Jardon v. Jardon, 63 D. & C.

422; Charlesworth v. Charlesworth, 62 D. & C. 377),
and by motion for a more specific bill of particulars
or that certain paragraphs in the bill of particulars
be stricken off: Corson v. Corson, 55 Montg. 102. Both
methods have been used in this case and although not
mentioned specifically under preliminary objections
in Pa. R. C. P. 1125(*b*) as a permitted preliminary
objection, we can see no reason why, on general prin-
ciples of procedure, it is improper to issue a rule to
show cause why plaintiff should not file a more specific
bill of particulars or to move for a more specific bill
of particulars. We will consider the question as prop-
erly raised and rule upon the sufficiency of the bill
of particulars filed.

We must bear in mind that the complaint for divorce
in the present instant is based on the ground of indig-
nities and that indignities generally extend over a long
period of time and are cumulative in their effect with
the result that it is much more difficult to be specific
in a bill of particulars in such a case than if the ground
is desertion, adultery or cruelty.

It is said in Corson v. Corson, 55 Montg. 102, which
is quoted with approval in Mazzei v. Mazzei, 61 D. & C.
559-60 in reference to a bill of particulars:

" 'While it need not state more than the party fur-
nishing it is bound to prove, it must be as specific as
the circumstances of the case will allow, and should
fairly apprise the opposite party and the court of the
nature of the claim or defense made, and the nature
of the evidence. In cases where adultery, or cruel and
barbarous treatment is alleged, the bill of particulars
should be specific as to time, place and circumstances
of the alleged acts. Where indignities to the person is
the cause relied upon, it is often impossible to give
specific dates, times, and places, for indignities to the
person consist of a course of conduct, an accumulation
of incidents and acts, which render the condition of the
libellant intolerable and life burdensome'."

In *Kelley v. Kelley*, 21 Northumb. 121, 122, there is quoted with approval from Jardon v. Jardon, 63 D. & C. 422, the following as to a bill of particulars:·

" 'Where indignities to the person is the cause relied upon, it is often impossible to give specific dates, times, and places, for indignities to the person consist of a course of conduct, an accumulation of incidents and acts, which render the condition of the libellant intolerable and life burdensome'."

Paragraph 2 of the bill of particulars is complained of because it mentions "plaintiff's friends" and "plaintiff's relatives" without naming any. The statement is made that defendant informed plaintiff that plaintiff was not to speak to his friends and their mutual friends unless she spoke first and she refused to speak to his friends or their mutual friends while walking together in public. So far as this is concerned defendant certainly knows whether she so informed plaintiff and the circumstances which brought about such statement and the bill of particulars is sufficiently specific for her to know what she has to meet. As to defendant being rude and disagreeable toward plaintiff's relatives, etc., defendant is entitled to know to which relatives of plaintiff reference is made.

Paragraph 3 is objected to because the term "certain customers" is used in relation to the allegation that defendant often was uncivil, rude and disagreeable to certain customers in plaintiff's place of business; that the customers stated they would not return because of the way they were treated and plaintiff had to see these customers and apologize for defendant's conduct. The names of at least some of these customers should be given.

Paragraph 5 is objected to, which refers to defendant's conduct with reference to certain of "plaintiff's friends" who joined them at a table in a restaurant where plaintiff and defendant were having a meal.

Defendant should be informed who these persons were.

In paragraph 6 the happenings therein referred to are sufficiently set forth and are matters concerning which defendant must have knowledge. The objection that the dates and circumstances of the occurrences should be set forth cannot be sustained for defendant is given all information necessary for her to prepare a defense in reference thereto.

In paragraph 7 one of the matters alleged is "defendant's actions and attitude in her Sunday School class were such plaintiff was embarrassed and humiliated". What her actions and attitude were should be stated.

In paragraph 8 the names of the "business friend" involved therein should be set forth.

Now, August 27, 1954, plaintiff is directed to file an amended bill of particulars or amendments to the bill of particulars complying with this opinion within 20 days from the date hereof.